UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JEREMY RUIZ, §<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>THE CITY OF AUSTIN, ET AL., §<br>*Defendant* § | No.  1:24-CV-01048-DAE |

### ORDER

Before the Court is Plaintiff Jeremy Ruiz's motion for a *Franks* hearing, Dkt. 14, and all related briefing. The District Judge referred the motion for disposition by the undersigned. For the reasons discussed below, the Court denies Ruiz's motion.

## I.  BACKGROUND

Ruiz brings this action under 42 U.S.C. § 1983 for alleged violations of his Second, Fourth, and Fourteenth Amendment rights. *See* Dkt. 1. Ruiz generally alleges that after he called the police to report that his ex-girlfriend, Lindsey Spearman, and her friend, Christina Foran, were driving under the influence, police arrived at his apartment complex and "immediately surrounded, handcuffed, and arrested" Ruiz without giving him "an opportunity to provide his side of the events." *Id.* at 2-3. Ruiz states that his arrest was "based solely" on Foran's statements, and that Foran was drunk at the time of the incident. *Id.* at 3-4. Ruiz also takes issue with the fact that "no independent witnesses corroborated" Foran's statement. *Id.* at 4. The criminal case against Ruiz was ultimately dismissed. *Id.* at 6.

Based on these allegations, Ruiz claims that Defendants City of Austin, Austin Police Department, and Officers Jon Francis Riordan and Brandt Thibodeaux (collectively, "Defendants") violated his rights under the Second, Fourth, and Fourteenth Amendments. *Id.* at 6-10.

Ruiz now moves for a *Franks* hearing on the grounds that his arrest was based on an affidavit from Officer Riordan which contained false statements and, if corrected, would be insufficient to establish probable cause. Dkt. 14, at 3-5; *see Franks v. Delaware*, 438 U.S. 154 (1978). Defendants respond that Ruiz is not entitled to a *Franks* hearing because this is a civil case, and that regardless, Ruiz fails to make a preliminary showing that he is entitled to a *Franks* hearing. Dkt. 15, at 1-2.

## II. DISCUSSION

*Franks* hearings are available in "criminal proceeding[s]" to investigate the truthfulness and good faith of a search-warrant affiant. *Franks*, 438 U.S. at 171-72 (1978) (holding that a criminal defendant is entitled to an evidentiary hearing to challenge the truthfulness of statements made in an affidavit supporting a warrant under certain circumstances). An affidavit in support of a search warrant enjoys a presumption of validity. *Id.* at 171. Overcoming that presumption in order to establish entitlement to a *Franks* hearing requires (1) a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included ... in the warrant affidavit" and (2) that the "allegedly false statement is necessary to the finding of probable cause." *Id.* at 155-66; *United States v. Looney*, 532 F.3d 392, 394 (5th Cir. 2008) (per curiam); *see also*

*United States v. Zappe*, No. 5-20-cr-00294-OLG, 2020 WL 6074623, at *2 (W.D. Tex. Oct. 15, 2020).

On the other hand, *Franks* can support a Fourth Amendment claim under 42 U.S.C. § 1983. *See, e.g.*, *Hughes v. Garcia*, 100 F.4th 611, 619-20 (5th Cir. 2024) (stating that an officer's decision to submit an affidavit barred by *Franks* violates the Fourth Amendment). *Franks* may also define the scope of qualified immunity in certain civil rights contexts. *See Winfrey v. Rogers*, 901 F.3d 483, 494-95 (5th Cir. 2018) ("*Winfrey II*") (using *Franks* to determine whether defendant had violated a clearly established constitutional right); *Winfrey v. San Jacinto Cnty.*, 481 F. App'x 969, 977-80 (5th Cir. 2012) ("*Winfrey I*") (concluding that plaintiff made a "sufficiently 'substantial preliminary showing' to make qualified-immunity summary judgment" for defendants "inappropriate").

Ruiz expressly moves for a *Franks* hearing. Dkt. 14, at 5. So, while it may be generally true that, as Ruiz states, "[c]ourts have extended *Franks* protections to plaintiffs under 42 U.S.C. § 1983 who allege unlawful arrest stemming from materially misleading or deceptive affidavits," whether Defendants violated the Fourth Amendment or are entitled to qualified immunity is not at issue in Ruiz's motion. *See id.* at 2 (citing *Golino v. City of New Haven*, 950 F.2d 864 (2d Cir. 1991); *Miller v. Prince George's Cnty.*, 475 F.3d 621 (4th Cir. 2007)). The Court accordingly evaluates only whether Ruiz is entitled to a *Franks* hearing and concludes that he is not.

Because this is a civil case, a *Franks* hearing is not available. Ruiz has not identified any civil case in which the court has conducted a *Franks* hearing, and the Court finds none. To the contrary, district courts have consistently held that *Franks* hearings are not available in civil cases. *See, e.g.*, *Villars v. Kubiatowski*, 128 F. Supp. 3d 1039, 1045 (N.D. Ill. Sep. 2, 2015) ("Plaintiff is not a criminal defendant and he cites no authority applying *Franks* outside that context."); *Cremeans v. Taczak*, No. 2:19-cv-2703, 2022 WL 3446318, at *6 (S.D. Ohio Aug. 12, 2022) ("Plaintiffs' request for a *Franks* hearing in this Section 1983 case is procedurally improper."); *Hadden v. Hershey*, No. 22-1600, 2023 WL 5207932, at *2 (D.N.J. Aug. 14, 2023) ("*Franks* hearings are inapplicable to civil rights actions."). The Court will therefore deny Ruiz's motion for a *Franks* hearing.

### III.   ORDER

In accordance with the foregoing discussion, **IT IS ORDERED** that Ruiz's motion for a *Franks* hearing, Dkt. 14, is **DENIED**.

SIGNED August 19, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE